**Opinion filed October 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00344-CR

_____

## DONALD WAYNE READ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Tarrant County, Texas**
**Trial Court Cause No. 1315382D**

## M E M O R A N D U M   O P I N I O N

The jury found Donald Wayne Read guilty of driving while intoxicated—felony repetition.[1]  Appellant elected to have the trial court assess punishment, and he pleaded "not true" to the habitual offender enhancement.  *See* PENAL § 12.42(d).  The trial court found the habitual offender enhancement to be "true," assessed

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014).

punishment at confinement for twenty-five years, and sentenced Appellant. Appellant asserts two issues on appeal. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for driving while intoxicated in a public place—felony repetition. The grand jury alleged in the indictment that Appellant had previously been convicted of driving while intoxicated in 1988 in Cause No. 0341322 and convicted of driving while intoxicated, a misdemeanor with repetition, in 1995 in Cause No. 0511960; both convictions occurred in Tarrant County. A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. PENAL § 49.04(a). This offense is a felony of the third degree if it is shown at trial that the person has previously been convicted two times of any other offense related to the operation of a motor vehicle while intoxicated. *Id.* § 49.09(b)(2).

The indictment also included a Habitual Offender Notice. In that notice, the grand jury alleged that Appellant had been convicted of two prior felony offenses of driving while intoxicated: one in 1996, Cause No. 12163 in Parker County, and a second in 2006, Cause No. 0992602R in Tarrant County. A person is a habitual offender if that person has been finally convicted of two felony offenses and the second previous felony conviction was for an offense that occurred subsequent to the time that the first previous conviction became final. *Id.* § 12.42(d). Once convicted as a habitual offender, the defendant shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. *Id.*

## II. *Evidence at Trial*

Timothy Verboski, an airline pilot, was on his way home from work late one February night when he noticed a vehicle in the ditch on the side of the road. Verboski stopped to see if everyone was "okay." Appellant exited his vehicle and asked Verboski to pull Appellant's vehicle out of the ditch. Verboski noticed that

Appellant's speech was slurred and that he staggered. Appellant appeared intoxicated and was either "drunk" or "drugged up," and Verboski refused to pull Appellant's vehicle out of the ditch. Verboski drove down the road and called 9-1-1. Shortly thereafter, Becky LaCroix, a deputy with the Tarrant County Sheriff's Office, arrived at the scene.

Deputy LaCroix observed an older model sport utility vehicle, a Land Rover, in a ditch. The Land Rover was leaning against a barbed-wire fence. When she approached the Land Rover, Deputy LaCroix noticed that Appellant was in the driver's seat, that the keys were in the ignition, and that the headlights were "on." She observed that Appellant was in control of the Land Rover. Deputy LaCroix noticed blood on Appellant's hand as well as on the steering wheel; she thought that he had been in an accident. Deputy LaCroix also noticed a strong odor of alcohol on Appellant's breath. She described his speech as slow and slurred. Appellant told Deputy LaCroix that he was en route from his mother's house to his girlfriend's house. Appellant said that he was tired and accidentally ended up in the ditch. Deputy LaCroix also spoke to Verboski about what he had seen.

Deputy LaCroix administered various field sobriety tests to Appellant, all of which he failed. She arrested him for driving while intoxicated. Deputy LaCroix then determined that Appellant had two prior felony convictions for driving while intoxicated, so she transported him to John Peter Smith Hospital for a mandatory blood draw. He refused to give a blood sample. Nevertheless, Roxanne Wine, a nurse at the hospital, took a blood sample from Appellant. Deputy LaCroix then took Appellant to the Tarrant County Jail. Joyce Ho, a toxicologist with the Tarrant County Medical Examiner's Office, tested Appellant's blood sample, and the sample contained a blood alcohol content of 0.16.

John Pauley, an error resolution detective[2] with the Tarrant County Sheriff's Office, testified that he took Appellant's fingerprints so that he could compare those prints against other fingerprints on documents that the State had asked him to review. Detective Pauley compared the fingerprints that he had taken from Appellant to State's Exhibit No. 7A, a print card from the Tarrant County Sheriff's Office, and determined that both sets of fingerprints belonged to Appellant. Detective Pauley also pointed out that Exhibit No. 7A contained Appellant's county identification number (CID) and his date of birth.

Detective Pauley also reviewed State's Exhibit No. 8, a "case/booking" summary from the Tarrant County Jail; the CID number and the date of birth on State's Exhibit No. 8 matched Appellant's CID number and date of birth. Further, Detective Pauley pointed out that the booking summary referenced Cause No. 0341322 and Cause No. 0511960. Both of those cases involved misdemeanor offenses for driving while intoxicated.

Detective Pauley also reviewed State's Exhibit No. 4, a criminal docket sheet and judgment from Tarrant County Cause No. 0511960, both of which reflected a conviction in 1995 for driving while intoxicated. The docket sheet showed Appellant's CID number, which was the same as the number in State's Exhibit No. 8. Detective Pauley also reviewed State's Exhibit No. 5, a criminal docket sheet and judgment in Cause No. 0341322, which reflected a 1988 conviction for misdemeanor driving while intoxicated. State's Exhibit No. 5 had the same CID number as State's Exhibit No. 8.

Detective Pauley was unable to determine whether the fingerprints on State's Exhibit Nos. 4 and 5 matched Appellant's fingerprints. Detective Pauley was not able to match the fingerprints he took with the fingerprints on State's Exhibit No. 9,

[2]An error resolution detective is a person tasked with the responsibility to ensure accuracy in the criminal records of Tarrant County.

which was Appellant's redacted Driver's License Record from the Texas Department of Public Safety, because the latter were of insufficient quality. However, State's Exhibit No. 9 did include a photograph of Appellant and his date of birth.

Appellant testified on his own behalf. Appellant denied that he had operated the vehicle while he was intoxicated; he asserted that his son, Matthew, had driven the vehicle into the ditch earlier that day. With respect to his prior convictions, Appellant admitted that he had two prior felony convictions for driving while intoxicated. One of Appellant's prior convictions was in 1996 in Parker County; another was in Tarrant County in 2006. At the time of trial for the instant offense, Appellant was on parole for the 2006 conviction. Appellant conceded that he had pleaded guilty to another conviction for driving while intoxicated, a misdemeanor with repetition, in 1995.

Detective Pauley testified during the punishment phase of the trial with respect to the habitual offender allegations. He stated that the fingerprints on the penitentiary packets from the felony convictions for driving while intoxicated in 1996 in Parker County and in 2006 in Tarrant County matched the fingerprints that Detective Pauley had taken from Appellant.

### III. *Analysis*

Appellant first argues that the evidence was insufficient to support his conviction. In his second issue on appeal, he claims that the trial court erred when it admitted evidence of the 1996 and 2006 convictions because the State had incorrectly pleaded the dates of the judgments.

#### A. *Issue One: Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could

have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. As the factfinder, the jury determines the weight and credibility of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). If the evidence raises any conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894.

Appellant asserts that the State failed to prove beyond a reasonable doubt that he was the same Donald Wayne Read that was convicted in 1988 and 1995 for driving while intoxicated. Appellant claims that the State failed to prove that he was the "Read" referred to in the misdemeanor docket sheets from Tarrant County for those cases. The State must prove that a defendant has been convicted of a prior offense by proof beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove the prior conviction in a number of ways that include (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22.

Detective Pauley testified that the booking summary, State's Exhibit No. 8, referenced Cause No. 0341322 and Cause No. 0511960. Both of those causes involved driving-while-intoxicated offenses. In addition, certified copies of both judgments were entered into evidence. The first conviction was in 1988, and the second was a misdemeanor conviction with repetition in 1995.

Appellant admitted at trial that he was the person who had committed the offense as reflected in State's Exhibit No. 4, Cause No. 0511960, and that he had

6

pleaded guilty in 1995 to that offense: the misdemeanor offense of driving while intoxicated with repetition. State's Exhibit No. 4 includes, as the prior offense alleged for repetition purposes, the conviction that is reflected in State's Exhibit No. 5, Cause No. 0341322. The jury is the sole judge of the facts, the credibility of the witnesses, and the weight to be given the evidence. *Sharp*, 707 S.W.2d at 614; *Beckham v. State*, 29 S.W.3d 148, 152 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The jury may believe or disbelieve all or part of any witness's testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). The jury chose to believe that Appellant had committed the prior offenses in Cause No. 0511960 and Cause No. 0341322. After a review of the record, we hold that the evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant was the person who was convicted in Cause No. 0511960 and Cause No. 0341322 and that, in the instant case, he was guilty of driving while intoxicated—felony repetition. We overrule Appellant's first issue.

*B. Issue Two: Objection to Habitual Offender Notice*

Appellant argues that the trial court erred when it admitted the judgments of conviction for Appellant's felony convictions in 1996 and 2006 because the State had alleged the wrong judgment dates for the convictions. Appellant cites *Beal v. State* in support of his position. *Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002). We note that it is not necessary to allege a defendant's prior conviction for enhancement purposes with the same particularity that is necessary to allege the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986) (citing *Cole v. State*, 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981)). We note that the State offered into evidence the mandate for Cause No. 0992602R, dated September 24, 2007, which is when that judgment became final. Appellant did not object to the introduction of that mandate, which was for the felony conviction in 2006; he also admitted that it was his conviction. Appellant also admitted to the 1996

felony conviction in Parker County. We note that there was no evidence adduced that the 1996 conviction in Parker County had been appealed. After a review of the record, we hold that the State proved, in compliance with the habitual offender statute, that both convictions had become final well before Appellant was sentenced in this case and that the 1996 Parker County conviction became final prior to the commission of the offense for which Appellant was convicted in 2006. *See* PENAL § 12.42(d). We overrule Appellant's second issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.